# John L. Eldred, Appellee, v. Hugh L. McIlheran et al., Appellants.

CREDITOR'S BILLS—*what tends to establish conveyance as fraudulent.* Inadequacy of consideration is an element which strongly tends to establish the fraudulent character of a conveyance attacked by creditor's bill.

Creditor's bill. Appeal from the Circuit Court of Greene county; the Hon. O. P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911. Rehearing denied October 24, 1911.

FRANK A. WHITESIDE, for appellant.

RAINEY & JONES, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by McIlheran from a decree granting relief prayed by a creditor's bill filed by appellee against him and The Mexican Disinfectant Company. The bill alleges in substance the recovery by complainant of a judgment against said company for $1811, and costs, and the return *nulla bona* of an execution thereon; that the company had previously owned a valuable patented formula for the manufacture of a certain disinfectant, together with certain machinery, and other property; that prior to the rendition of said judgment it conveyed said property to McIlheran for a pretended consideration of $300, which, if paid, was grossly inadequate; that said conveyance was made with the intention of hindering, delaying and defrauding complainant; that McIlheran held said property in trust for said company, to prevent a levy on the same; that he knew at the time of

said conveyance that said company was indebted to complainant and that said consideration therefor was grossly inadequate, and with such knowledge he accepted and received such conveyance for the purpose and with the intention of hindering, delaying and defeating complainant in the collection of his judgment. That said McIlheran was incapable of engaging in manufacturing by reason of lack of knowledge and physical infirmities, and that previous to said conveyance complainant had offered to take all of said property in exchange for his claim, and in addition to pay the other debts of said company, which the president and secretary of the company informed him would not exceed $200 which offer was rejected; and that the property was worth the amount of said offer. The bill called for a discovery from both defendants under oath.

The verified answer of the company denies the averments of the bill, and avers that the complainant offered to take said property in satisfaction of his indebtedness alone, and that his proposition was rejected by the company because it would leave nothing for other creditors. The verified answer of McIlheran avers that he bought the property in good faith for $300, without knowledge that said company was indebted to the complainant, for the sole purpose of endeavoring to make a profit out of the transaction, and denies each and all of the material allegations of the bill.

We are of opinion that there was ample evidence to warrant the finding of the chancellor that the sale to McIlheran was *mala fides*. The character of the property sold, its disposition after the sale, the fact that the purchaser, who never took active possession of the same, was wholly inexperienced and in no way qualified for the conduct and continuation of the business of manufacturing the product of the insolvent concern, all

irresistibly tend to such conclusion.

The fact that an offer by the complainant to satisfy his claim and assume the legitimate liabilities of the company, aggregating the sum of $200, in return for the property, was refused, tends strongly to show that the consideration paid by McIlheran was grossly inadequate.

The further fact that when such proposition was under consideration, an attempt was made by the officers of the company to increase the liabilities to be assumed, by wrongfully crediting the secretary with salary to which he was manifestly not entitled, is most significant in this connection.    The fraud charged was thus clearly established and the decree of the circuit court is affirmed.

*Affirmed.*